## WEINMAN *et al. v.* SCARBOROUGH *et al.*

GILBERT, J.　Section 3931 of the Civil Code (1910) provides: "The following rules shall determine who are the heirs at law of a deceased person." The first six subparagraphs make provision for the distribution of estates of deceased persons to the designated classes of relatives named therein.　Subparagraph 7 provides: "In all degrees more remote than the foregoing, the paternal and maternal next of kin shall stand on an equal footing." Subparagraph 8 provides: "First cousins stand next in degree; uncles and aunts inherit equally with cousins." It is admitted that the distribution of the estate involved in this case depends upon a construction of subparagraph 8. *Held,* that under a proper construction of subparagraph 8, in the distribution of an estate of an intestate, between a living uncle of the intestate and children of such

uncle and a child of a predeceased aunt and the children of another predeceased aunt, the distribution shall be per capita among all of the parties in the case. *Judgment affirmed. All the Justices concur.*

No. 3077. November 15, 1922.

· Equitable petition. Before Judge Littlejohn. Sumter superior court. January 16, 1922.

The facts, as they appear from the record, are as follows: W. H. Scarborough died intestate. Mrs. R. E. Stevens was appointed administratrix upon his estate, which consisted of realty, cash, notes, and accounts. His only heirs who could be located were S. E. Scarborough Sr., an uncle on the paternal side; S. E. Scarborough Jr., Fannie Canova Scarborough, William Martin Scarborough, Henry Turner Scarborough, and Miss Trixsey Scarborough, first cousins of the intestate, and children of S. E. Scarborough Sr.; Mrs. R. E. Stevens, Mrs. J. H. Stevens (children of an aunt), and Mrs. G. B. Weinman, child of another aunt on the maternal side, and first cousins to the intestate. In addition to these there had been another uncle on the paternal side, Hardy Scarborough, who had had three children, but all of whom had disappeared from their last known place of residence and had not been heard from for more than thirty years, diligent search for them having proved fruitless.

S. E. Scarborough Sr., and his children named above, filed an equitable petition alleging that the intestate owed no debts at the time of his death, that the only debt accruing against the estate was for burial expenses and costs of administration; that the cash in the hands of the administratrix was ample to discharge these debts; that petitioners, Mrs. R. E. Stevens, Mrs. J. H. Stevens, and Mrs. Weinman (nine in all) are the only heirs of said estate and are entitled to share equally in the distribution of the estate; that the administratrix is denying the right of the children of S. E. Scarborough Sr. to share in the distribution, and is claiming that only the father, S. E. Scarborough, is entitled to share and that he would take only a one-fourth interest; that she is threatening to sell and dispose of the realty belonging to the estate, and is unwilling to distribute it in kind to the heirs, which should be done. The prayers are: (*a*) that the administratrix be enjoined from selling or disposing of the realty or further administering upon the same; (*b*) that commissioners be appointed for the purpose of dividing the same in kind among the heirs; (*c*)

that the court determine by its decree who are the legal heirs of said estate, and in what proportion they should inherit; (d) that it be decreed that petitioners and the three defendants named each have a one-ninth interest in the estate; (e) that the administratrix be required to make a full and final settlement; (f) that defendants be served with a copy of the petition; (g) that the parties named as petitioners and defendants be decreed to be the only heirs of said estate, more than seven years having elapsed since any other relatives of the intestate had been heard from; (h) for general relief. The answers of the defendants admitted all the material averments of the petition, except those relating to the manner in which the estate should be distributed. Defendant Mrs. Weinman asserted that the estate should be divided into three parts, and that S. E. Scarborough Sr. should take one third, Mrs. J. H. Stevens and Mrs. R. E. Stevens should each take one sixth, and that Mrs. Weinman should receive one third. Mrs. R. E. Stevens and Mrs. J. H. Stevens pleaded that the estate should be distributed equally among S. E. Scarborough Sr., Mrs. R. E. Stevens, Mrs. J. H. Stevens, and Mrs. G. B. Weinman, unless as a matter of fact, which should be ascertained, Hardy Scarborough, his children, or any of them are still in life; that if Hardy Scarborough were still in life his children would not inherit, but he would be entitled to a one-fifth interest in the estate, otherwise his children in life, if any, would share in the distribution of the estate in the same ratio as would the defendants. These defendants denied that the realty was susceptible of division in kind, and that petitioners were entitled to have this done; and prayed that the assets of the estate be marshaled, and that the distribution of the same be determined by decree. The questions at issue were submitted to the court upon the petition and answers, without the intervention of a jury; and the following decree was entered: "The above and foregoing case having come on for trial upon the question involved in the petition, answers, and cross-bills, by agreement of all parties thereto, without the intervention of a jury to hear and pass on all questions of law and facts involved, the court under the said pleadings having found under the facts and law that all the cousins and all the uncles inherit equally in the estate, that S. E. Scarborough Sr., an uncle of W. H. Scarborough, deceased, and S. E. Scar-

28

borough Jr., Fannie Canover Scarborough, William Martin Scarborough, Henry Turner Scarborough, Miss Trixsey Scarborough, Mrs. R. E. Stevens, Mrs. J. H. Stevens, and Mrs. G. B. Weinman, cousins of W. H. Scarborough, deceased, are entitled under the law to inherit equally and are heirs at law of W. H. Scarborough, deceased, and that Hardy Scarborough, an uncle, and his three children, cousins, if living at the time of the death of W. H. Scarborough, also are entitled to inherit equally with the said uncles and cousins set forth in the petition, which would make thirteen (13) heirs at law under the facts as herein stated, and that each of the said parties are entitled to one-thirteenth (1/13) of the estate of said W. H. Scarborough, deceased, the court so finds. . . In the event that the said Hardy Scarborough and his three children are not found, or any of them, that the said S. E. Scarborough Sr., S. E. Scarborough Jr., Fannie Canover Scarborough, William Martin Scarborough, Henry Turner Scarborough, Miss Trixsey Scarborough, Mrs. R. E. Stevens, Mrs. J. H. Stevens and Mrs. G. B. Weinman, are entitled to inherit one-ninth (1/9) of the estate of the said W. H. Scarborough, deceased. It is further ordered and decreed that the administratrix hold into her hands four thirteenths (4/13) of the estate, the inheritance of Hardy Scarborough and his three children until the further order of the court, and that proof hereafter may be submitted to the court to establish or show that any of these parties cannot be found, or is dead." The defendants assigned error upon this judgment.

*R. D. Feagin* and *Wallis & Fort,* for plaintiffs in error.

*W. A. Dodson* and *Brock, Sparks & Russell,* contra.