43142. WATERS et al. v. ROBERTS, Administratrix, et al.

ARGUED OCTOBER 5, 1967—DECIDED OCTOBER 17, 1967—
REHEARING DENIED NOVEMBER 3, 1967—

*Neville & Neville, W. J. Neville, R. Wilson Smith, Jr., John H. Smith, J. Lane Johnston, Sam L. Brannen,* for appellants.

*Allen & Edenfield, Francis W. Allen, Anderson & Sanders, Cohen Anderson,* for appellees.

JORDAN, Presiding Judge. *Code* § 113-903 purports to provide a comprehensive plan for determining the heirs at law of a deceased person. After providing for the surviving wife or husband, and the children and their descendants (Subsections 1-4) and placing brothers and sisters and certain of their descendants in the second degree, as well as parents (Subsections 5 and 6), the section provides that in degrees more remote than the foregoing the paternal and maternal next of kin shall stand on an equal footing (Subsection 7), that first cousins, uncles, and aunts . are in the next degree and inherit equally (Subsection 8), and finally (Subsection 9) that the more remote degrees shall be determined by the rules of canon law enforced in the English courts before July 4, 1776.

In their brief in support of the ruling of the lower court the appellees advance the proposition that grandparents may gain a status of next of kin under Subsection 7 entitling them to take the estate ahead of first cousins, uncles, and aunts under Subsection 8. The appellees acknowledge a dearth of precedent and refer to the comment in 9 Encyclopedia of Georgia Law, Descent and Distribution, p. 23, § 29, as follows: "It may be doubted whether grandparents can gain the status of heirs unless it is conferred by the . . . provisions [Subsection 7, *Code* § 113-903] that 'in all degrees more remote than the foregoing the paternal and maternal next of kin shall stand on an equal footing.' " We note that this comment is preceded by the statement that "There is no express statutory provision under which grandparents may inherit."

In our opinion, for the reasons hereinafter discussed, Subsection 7 is intended only as a rule to avoid discrimination between the paternal and maternal next of kin of the same relationship to the deceased in applying the provisions of Subsections 8 and 9.

The Act of December 23, 1789, as amended by the Act of December 12, 1804 (Cobb's Digest, 1851, pp. 291, 292), contains express discriminations in favor of the paternal line, and then provides that "parents, brothers and sisters shall be equal in respect to distribution; and cousins shall be next to them." The footnote in the digest (p. 292) shows grandparents, uncles, and aunts as being in the first category to which the canonical mode of computation applies, one degree beyond first cousins.

Subsection 7 as it appears in § 2452 of the Code of 1863 is identical to the language as it presently appears in the Code of 1933. The purpose of the provision in the 1863 Code and its particular placement as Subsection 7 is manifestly clear, for the preceding subsections contain express discriminatory provisions in favor of the paternal side which had to be limited if no discrimination were intended between the paternal and maternal kin of a more remote degree, and the Supreme Court had previously determined, in *Redd v. Clopton*, 17 Ga. 230, that cousins of the paternal and maternal side inherit equally under the 1804 Act, supra. In this Code the uncles and aunts were placed in the same position as first cousins, in language identical to the present Code. There is no mention of grandparents.

The purpose of Subsection 7 as it appears in § 3931 of the Code of 1910 is also manifestly clear, for in this Code the two subsections immediately preceding Subsection 7 contain express discriminatory provisions in favor of the paternal side. Again there is no mention of grandparents.

The need and purpose of Subsection 7 as it now appears in § 113-903 of the Code of 1933 is obscured by reason of the legislative Acts in 1922 and 1931 (Ga. L. 1922, p. 47; Ga. L. 1931, p. 114) which eliminate the discriminatory provisions between the paternal and maternal side previously appearing in Subsections 5 and 6.

In reviewing the history of the rules of inheritance in this

State, which is set forth above only to a limited extent, we find nothing that would warrant placing any intended meaning on Subsection 7 other than that of avoiding the effect of any preceding discriminatory provisions with respect to the paternal and maternal relatives in applying the rules of inheritance which follow the subsection.

In *Wetter v. Habersham*, 60 Ga. 193, 199, the Supreme Court holding was to the effect that it is only when a person leaves no descendants or next of kin expressly named in the Code that the heirs at law are those nearest in blood under the rules of the canon law. This was again recognized in *Ector v. Grant*, 112 Ga. 557, 566 (37 SE 984, 53 LRA 723) in which the Supreme Court stated that Subsection 9 simply furnishes the method of counting the degrees of relationship where the degrees are not already fixed by the statute. Later, in *Fleming v. May*, 190 Ga. 413, 418 (9 SE2d 657) the court said that "[i]t would seem quite clear that the provisions of Subsection 9 can have no application so long as there are surviving relatives expressly named in the sections preceding."

Lineal ascendants as such, other than parents, are nowhere expressly recognized in *Code* § 113-903, and we think that if they are to be accorded any recognition it is by reason of Subsection 9 instead of Subsection 7. Subsection 9, however, is not for application in this case because first cousins, uncles, and aunts are expressly recognized as a class in Subsection 8, and take in preference to any persons or class of persons who would become entitled to the estate by use of the canonical mode of computation as recognized in Subsection 9.

Accordingly, under the facts of this case, and applying the rules expressed in ·Code § 113-903, the first cousins, uncles, and aunts are the heirs at law and are entitled to per capita distribution (*Weinman v. Scarborough*, 154 Ga. 431 (114 SE 712)) to the exclusion of the two grandmothers, and the trial court erred in ruling otherwise.

*Judgment reversed. Deen and Quillian, JJ., concur.*